COMMONWEALTH *vs.* JOHN BOUDRIE.

The right of the owner of stolen property to a summary restitution thereof, under Rev. Sts. c. 126, § 25, is limited to the articles stolen, and does not extend to money into which they have been changed by the thief.

At the trial of the defendant in the court of common pleas, for breaking and entering, in the night time, with intent to steal, the house of Francis Burneau, and there stealing ten bank notes of ten dollars each, one bank note of four dollars, one bank note of one dollar, and other bills and money described in the indictment, there was evidence that the officer who arrested the defendant found in his possession six ten dollar bank notes, together with a four dollar and a one dollar note ; and, as the bill of exceptions stated, " there was evidence tending to show that the money found in the defendant's possession was money which was stolen as aforesaid from the house of Burneau, or the proceeds of the money so stolen." *Mellen*, C. J., after the conviction and sentence of the defendant, ordered the money found by

the officer in the defendant's possession to be restored to Burneau. To this order the defendant excepted.

*G. A. Somerby,* for the defendant.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

BIGELOW, J. The right of the owner to a summary restitution of property stolen, upon conviction of the offender, under Rev. Sts. *c.* 126, § 25, is confined to the identical articles alleged to be stolen, and cannot be extended so as to include other property found in the possession of the thief, or to money arising from the sale of the property stolen. Such is the import of the language of the statute, which is only that, " upon conviction of the offender, the stolen property shall be restored to the owner." And there is very good reason for this restriction. If there is no doubt or dispute as to the identity of the property alleged to be stolen, the conviction of the defendant necessarily determines the title of the property to be in the prosecutor, and not in the defendant. But if the property has been changed or converted into money, the defendant may be well convicted of the larceny without any determination of the question as to his right to the property or money actually found in his possession. He might, therefore, by an order for restitution in such case, be deprived of property without any opportunity to try the question of title. Such a construction of the statute would be manifestly unreasonable and unjust.

In the present case, the evidence failed to show the identity of the property stolen with that found in the possession of the defendant. All that appeared at the trial was, that there was evidence tending to show that it was the money stolen, or the proceeds of the money stolen. This was clearly insufficient, and the order restoring the money to the prosecutor was erroneous and illegal. *Exceptions sustained.*